UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CATHERINE BALDI, | Case No.   1:25-cv-00353-JLT-EPG |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO COMPEL, VACATING SCHEDULING CONFERENCE, AND EXTENDING DEADLINE TO RESPOND TO MOTION TO DISMISS |
| SERVICE FINANCE CO. LLC, | |
| Defendant. | |
| | (ECF Nos. 3, 5, 13) |

Plaintiff Mary Catherine Baldi proceeds *pro se* in this civil action that Defendant Service Finance Co. LLC removed from the Madera County Superior Court on March 24, 2025. (ECF No. 1). Generally, Plaintiff alleges that Defendant violated various statutes, including the Fair Credit Reporting Act, in connection with attempts to collect a disputed debt. (ECF No. 1-2, p. 2). Now before the Court is Plaintiff's motion to compel responses to various discovery requests that she made before the case was removed. The motion is accompanied by various attachments, including Plaintiff's declaration and discovery requests, and totals over 300 pages.

Upon review, the Court concludes that no hearing or response is needed. For the reasons given below, the Court will deny the motion to compel, vacate the scheduling conference, and extend Plaintiff's deadline to respond to Defendant's pending motion to dismiss.

In her motion to compel, Plaintiff asserts that, despite serving numerous discovery requests (including noticing depositions), Defendant has failed to properly respond to the

1

requests. She states that Defendant's primary objection was that discovery was premature under Federal Rule of Civil Procedure 26(d)(1), which provides as follows: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

Plaintiff argues that, despite Rule 26(a)(1)(B), Defendant is required to comply with discovery requests made in state court. She primarily relies on 28 U.S.C. § 1450 to support her argument, which provides as follows: "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."

However, the Court concludes that Defendant need not comply with these discovery requests made in state court and thus it will deny Plaintiff's motion to compel.

In reaching this decision, the Court finds the following case instructive:

[T[he "vast majority of courts" to have addressed this issue [have] concluded that "requests served in a state case need not be answered once the case is removed to federal court, if the deadline to answer those requests did not lapse before removal." *Steen v. Garrett,* No. 2:12–CV–1662–DCN, 2013 WL 1826451, at *2 (D.S.C. Apr. 30, 2013). Discovery requests served in state court are not held in abeyance pending the Rule 26(f) conference. *Riley v. Walgreen Co.,* 233 F.R.D. 496, 499 (S.D.Tex.2005). Rather, the discovery requests are "null and ineffective" after removal to federal court. *Steen* at *3.

Faced with similar facts, the United States District Court for the District of Eastern Washington concluded that discovery requests served while the case was in state court are no longer viable after removal. *Sterling Sav. Bank v. Fed. Ins. Co.,* No. CV–12–0368–LRS, 2012 WL 3143909 (E.D.Wash. Aug. 1, 2012). In *Sterling Sav. Bank,* the plaintiff brought suit in state court and served discovery requests upon the defendant. *Id.* at *1. Before the time for responding to the discovery requests had run, the defendant removed the case to federal court. *Id.* About a month after removal, the defendant moved for a protective order related to the state discovery requests. *Id.* The plaintiff filed a competing Motion to Compel. *Id.*

The Court held that the plaintiff's discovery requests filed in state court were no longer binding in federal court. *Id.* at *2. The discovery requests were not "proceedings" under 28 U.S.C. § 1450, and therefore they were "nullified" upon removal. *Id.* Therefore, the Court denied both motions as moot and ordered the parties to proceed with a Rule 26(f) conference and submit a discovery plan that would be binding going forward. *Id.* at *3.

*Osborne v. Billings Clinic*, No. CV 14-126-BLG-SPW, 2014 WL 6769752, at *2 (D. Mont. Dec.

2

1, 2014).

Here, Plaintiff acknowledges that, before discovery responses were due, Defendant removed this case. (ECF No. 13, p. 4 – "On March 24, 2025, before responses were due, SFC removed the case to this Court under 28 U.S.C. § 1446."). Thus, in light of the above caselaw, the Court finds that Defendants are not required to respond to those discovery requests.

Additionally, the Court notes that Defendant filed a motion to dismiss Plaintiff's complaint with prejudice on March 31, 2025. (ECF No. 5). The assigned District Judge has referred the motion to the undersigned for the preparation of findings and recommendations. (ECF No. 12). Local Rule 230(c) provides as follows:

> Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. See L.R. 135. A failure to file a timely opposition may also be construed by the Court as a nonopposition to the motion.

L.R. 230(c).

Here, the time for Plaintiff to respond has expired; however, the Court will grant Plaintiff a single *sua sponte* extension to file a response.[1] Plaintiff is advised that, unless leave is obtained to extend the page limitations, the Court's standard procedures limit all moving and opposition briefs or legal memoranda filed in civil cases to no more than twenty-five (25) pages.

Further, in light of the pending motion to dismiss, the Court will vacate the initial scheduling conference set for June 10, 2025, and all accompanying requirements (such as the parties' requirement to confer under Rule 26(f)), with the scheduling conference to be reset, if necessary, at a later date.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion to compel (ECF No. 13) is DENIED.
2. The June 10, 2025 scheduling conference and all accompanying requirements, are VACATED, with the scheduling conference to be reset, if necessary, at a later date.

---

[1] The Court notes that, although Plaintiff is proceeding *pro se*, she has been granted permission to e-file documents in this case. (ECF No. 11).

3

3.  Plaintiff shall file any response to Defendant's motion to dismiss within 10 days of the entry of this order. *See* L.R. 230(c). If she fails to timely file an opposition, the Court may construe this failure as a non-opposition to the motion.

IT IS SO ORDERED.

Dated:   __April 22, 2025__                        /s/ *Erica P. Grosjean*
                                                                UNITED STATES MAGISTRATE JUDGE

4