UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CATHERINE BALDI,<br><br>    Plaintiff,<br><br>    v.<br><br>SERVICE FINANCE CO. LLC,<br><br>    Defendant. | Case No.   1:25-cv-00353-JLT-EPG<br><br>ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON PLAINTIFF'S MOTION TO REMAND OR FOR EXPEDITED CONSIDERATION<br><br>(ECF No. 17) |

Plaintiff Mary Catherine Baldi proceeds *pro se* in this civil action that Defendant Service Finance Co. LLC removed from the Madera County Superior Court on March 24, 2025. (ECF No. 1). On April 28, 2025, Plaintiff has filed an "ex parte application to shorten time for hearing on Plaintiff's motion to remand or for expedited consideration." (ECF No. 17) (capitalization omitted). Upon review, the Court concludes that no response is needed, and for the reasons given below, the Court will deny the application.

Noting that Defendant has a pending motion to dismiss her case, Plaintiff asks that the Court address the "critical jurisdictional issue" presented in her motion to remand this case to state court before the motion to dismiss hearing set for May 9, 2025. (*Id.* at 1-2). Specifically, she requests: (1) an expedited briefing schedule on her motion to remand with Defendant having a response due by April 30, 2025, and her reply due by May 2, 2025; (2) and a hearing on her motion on May 5, 2025 (or earliest available date) or for a decision on the papers by May 5, 2025.

1

The Court will deny Plaintiff's requests for the following reasons.

First, although the motion to dismiss was originally set for a hearing on May 9, 2025, the District Judge vacated the hearing in the referral order: "The recently filed motion to dismiss 5 is referred to the assigned magistrate judge for the preparation of findings and recommendations. The hearing before the undersigned is therefore **VACATED**. The magistrate judge may elect to reset the hearing if necessary or desirable . . . ." (ECF No. 12). The Court has not reset the hearing; accordingly, no hearing will be held unless the Court later decides to set one.

Second, after Plaintiff failed to timely respond to the motion to dismiss, the Court issued an order on April 23, 2025, giving her 10 additional days to file any response and warning that, if she fails to timely file an opposition, the Court may construe this failure as a non-opposition to the motion. (ECF No. 14, p. 4). Plaintiff is advised that, notwithstanding the pending motion to remand, Plaintiff is still required to file any response to the motion to dismiss as previously ordered.

Third, Defendant has 14 days from April 23, 2025—the date that Plaintiff filed her motion to remand—to file any response under Local Rule 230(c). The Court will not shorten Defendant's response date to April 30 (tomorrow) on a day's notice based on Plaintiff's desire to have her motion heard sooner. Plaintiff argues that there is a risk of evidence being lost and that she could obtain discovery quicker in state court for this case that she contends was wrongfully removed. (ECF No. 17-3, p. 3). However, none of these grounds warrant Plaintiff's request for such expedited action. Plaintiff offers no basis to suggest that discovery will be lost, and the fact that she might have more favorable discovery options in state court is no basis to divert from the Court's established procedures.

Rather, this case will proceed on the normal briefing schedule under Local Rule 230, and no hearing will be set on the motion to remand, unless the Court later issues an order setting one. The Court advises Plaintiff that this District has a heavy caseload and that, while it will endeavor to address the pending motions in due course after they become ripe, it can make no specific representation as to how soon this will be.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's ex parte application to shorten time for hearing on Plaintiff's motion to remand

or for expedited consideration is denied. (ECF No. 17).

2. No hearing will be held on the pending motion to dismiss or motion to remand unless the Court orders one.

3. Plaintiff must file any response to Defendant's motion to dismiss within 10 days of the Court's April 22, 2025 order. (ECF No. 14). If she fails to timely file an opposition, the Court may construe this failure as a non-opposition to the motion.

IT IS SO ORDERED.

Dated: **April 29, 2025**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE