UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CATHERINE BALDI,<br><br>   Plaintiff,<br><br> v.<br><br>SERVICE FINANCE CO. LLC,<br><br>   Defendant. | Case No. 1:25-cv-00353-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO REMAND BE DENIED<br><br>(ECF No. 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

  Plaintiff Mary Catherine Baldi proceeds *pro se* in this civil action that Defendant Service Finance Co. LLC (SFC) removed from the Madera County Superior Court. (ECF No. 1). Generally, Plaintiff alleges that Defendant violated various federal and state consumer protection statutes in connection with reporting, and attempting to collect, a disputed debt. (ECF No. 1-2, p. 2).

  Now before the Court is Plaintiff's motion to remand this case to the Madera County Superior Court, which primarily argues that Defendant's notice of removal fails to establish that the Court has Article III standing. (ECF No. 15). The assigned District Judge has referred this motion "for the preparation of findings and recommendations." (ECF No. 16).

  As explained below, the Court will recommend that Plaintiff's motion to remand be denied.

\\\

## I. BACKGROUND

### A. Summary of the Proceedings

Plaintiff filed her complaint in the Madera County Superior Court on February 19, 2025. (ECF No. 1-2, p. 1). The allegations center around an installment contract (later assigned to Defendant) that Plaintiff entered for HVAC equipment. Generally, Plaintiff states that, after she and Defendant disputed whether she was delinquent on payments, she paid the remaining principal balance in full, but Defendant wrongfully demanded an extra $1,096.20 charge. (*Id.* at 3-4). Thereafter, Plaintiff discovered that her credit report showed her account as delinquent and Defendant failed to take appropriate steps when she disputed the debt. (*Id.* at 4-5). Additionally, she alleges that Defendant wrongfully tried to collect on the disputed debt.

Plaintiff brings claims under the Fair Credit Reporting Act (FCRA), Telephone Consumer Protection Act (TCPA), the Fair Debt Collection Practices Act (FDCPA), the California Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), and Fair Credit Billing Act (FCBA). (*Id.* at 9-17).

Defendant removed this case on March 25, 2025, based on federal-question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1, p. 2).

Plaintiff filed a motion to remand this case to the Madera County Superior Court on April 23, 2025, primarily arguing that Defendant has failed to establish subject-matter jurisdiction by including any facts in the notice of removal establishing Article III standing. (ECF No. 15). Defendant opposed the motion to remand on May 7, 2025, and Plaintiff filed her reply on May 16, 2025. (ECF Nos. 20, 22).

On April 25, 2025, the assigned District Judge referred the motion to remand to the undersigned. (ECF No. 16).

### B. Overview of the Parties' Arguments

Plaintiff argues that it is Defendant's burden of establishing Article III standing, and because the notice of removal does not address establish standing, the Court lacks subject-matter jurisdiction over the case and must remand it to the Madera County Superior Court. (ECF No. 15-1, pp. 4-5). Additionally, Plaintiff argues that remand is proper for other reasons:

> Additionally, the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 et seq.) claim does not raise a substantial federal question despite its incorporation of Fair Debt Collection Practices Act (FDCPA) provisions, and state courts have concurrent jurisdiction over all claims (Fair Credit Reporting Act (FCRA), Telephone Consumer Protection Act (TCPA), FDCPA, Fair Credit Billing Act (FCBA), and Rosenthal Act). Furthermore, the federal court's premature denial of Plaintiff's Motion to Compel (ECF No. 14, April 22, 2025) and Defendant's strategic removal to evade state court discovery obligations prejudice Plaintiff's ability to litigate, favoring remand to state court where her procedural rights are preserved.

(*Id.* at 2).

Lastly, Plaintiff argues that, even "[i]f the Court finds federal jurisdiction over the FCRA, TCPA, FDCPA, and FCBA claims, it should decline supplemental jurisdiction over the Rosenthal Act claim[s] under 28 U.S.C. § 1367(c)."[1] (*Id.* at 9).

Defendant opposes the motion, arguing as follows:

> [Defendant] does not have the burden to establish Article III standing to file its notice of removal. That is Baldi's burden (which [Defendant] maintains she cannot meet as briefed in [its] pending motion to dismiss). Regardless, Baldi's claims present federal questions because they arise under the Fair Credit Reporting Act, Fair Debt Collection Practices Act, Telephone Consumer Protection Act, and Fair Credit Billing Act. These federal claims establish the validity of [Defendant's] removal and its entitlement to federal jurisdiction..

(ECF No. 20, p. 7).

As to state courts having concurrent jurisdiction over the Federal statutes, Defendant contends that, "[t]here is no reason for the court to reach Baldi's concurrent jurisdiction argument because no concurrent jurisdiction exists. Upon proper removal of the matter to federal court, the state court's jurisdiction ended." (ECF No. 20, p. 9). And Defendant argues that the Court's denial of Plaintiff's motion to compel "was not premature nor prejudicial," and her complaints about Defendant trying to avoid discovery obligations are unfounded and speculative. (*Id.* at 10). Lastly, Defendant argues that the Court should exercise supplemental jurisdiction over Plaintiff's Rosenthal Act claims "because [they] form[] part of the same case

---

[1] Plaintiff also argues that, "[t]o preempt any belated assertion," the Court also does not have diversity jurisdiction. (ECF No. 15-1, p. 10). Defendant notes that it "has not removed based on diversity jurisdiction – it has removed based on federal question." (ECF No. 20, p. 9). As Defendant does not rely on diversity jurisdiction, and the Court otherwise has jurisdiction based on a federal question, it need not address this issue.

or controversy as the federal claims." (*Id.* at 8).

Plaintiff's reply argues that Defendant's opposition fails to address the lack of sufficient allegations regarding standing in the notice of removal and generally reiterates her arguments in favor of remand. (ECF No. 22, p. 1).

## II.     LEGAL STANDARDS

Under 28 U.S.C. § 1441(a), a defendant may remove a civil state court case to Federal court if it would otherwise have original jurisdiction. And under § 1446(a), a removing defendant "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal."

However, Federal law also provides for remand to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."*California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g,* 387 F.3d 966 (9th Cir. 2004).

Moreover, "Article III of the Constitution limits the 'Judicial Power' of the federal courts to 'Cases, in Law and Equity, arising under this Constitution [and] the Laws of the United States.'" *Jones v. Ford Motor Co.*, 85 F.4th 570, 573 (9th Cir. 2023) (quoting U.S. CONST. art. III, § 2, cl. 1.). As the Supreme Court has explained, Article III standing and jurisdiction are intertwined:

> To reach the merits of a case, an Article III court must have jurisdiction. One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so. The three elements of standing, this Court has reiterated, are (1) a concrete and particularized injury, that (2) is fairly traceable to the challenged conduct, and (3) is likely to be redressed by a favorable decision.

*Virginia House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662 (2019) (internal citation and quotation marks omitted). Further, "[a]s a jurisdictional requirement, standing to litigate cannot

be waived or forfeited." *Id.* at 662-63; *see In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011) ("Article III standing is a necessary component of subject matter jurisdiction.").

### III. ANALYSIS

#### A. Standing

Plaintiff first argues that remand is appropriate because Defendant's notice of removal fails to demonstrate that Plaintiff has Article III standing, including that she suffered a concrete and particularized injury-in-fact fairly traceable to the challenged conduct and likely redressable by a favorable decision. (ECF No. 15-1, at p. 4).

In support, Plaintiff cites to Supreme Court cases (*Spokeo* and *Lujan*) addressing Article III standing generally, in which the Supreme Court noted the requirement that plaintiffs must suffer a concrete and particularized injury. (*Id.*, citing *Spokeo* and *Lujan*); *see Spokeo, Inc. v. Robins,* 578 U.S. 330, 341 (2016) *as revised* (May 24, 2016) ("Robins cannot satisfy the demands of Article III by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate."); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 573–574 (1992) ("[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy"). Notably, none of these cases concern removal or the sufficiency of alleging Article III standing in a notice of removal.

In response, Defendant argues that it does not have the burden to establish Article III standing in its notice of removal. (ECF No. 20, p. 7) ("That is Baldi's burden (which SFC maintains she cannot meet as briefed in SFC's pending motion to dismiss)."). Defendant then states that removal is proper because "Baldi's claims present federal questions because they arise under the Fair Credit Reporting Act, Fair Debt Collection Practices Act, Telephone Consumer Protection Act, and Fair Credit Billing Act." (*Id.*).

As a legal matter, Plaintiff is correct that Defendant has the burden of establishing Article III standing because it is the party asking this Court to exercise jurisdiction over this case. *Jones*, 85 F.4th at 573 ("Upon removal, the burden to demonstrate Article III jurisdiction shifts to the Defendant as [t]he party invoking federal jurisdiction.") (citation and quotation marks omitted).

However, Plaintiff is incorrect that the notice of removal itself must address this issue or that the Court must remand the case because Defendant's notice fails to include a standing analysis. Rather, the relevant statute provides that a removing defendant "shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446. Defendant's notice of removal complies with this requirement. It states, in part: "This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court by SFC under 28 U.S.C. § 1441(a) because the Complaint purports to assert claims against SFC arising under federal law, namely, claims under the Fair Credit Reporting Act, Fair Debt Collection Practices Act, Telephone Consumer Protection Act, and the Fair Credit." (ECF No. 1, at p. 2).

Moreover, while Plaintiff's motion argues that FDCPA cases require a showing of concrete harm to establish standing, Plaintiff does not actually argue that she herself lacks such standing, *i.e.*, that her complaint fails to allege that she suffered an injury-in-fact. (*See* ECF No. 15-1, p. 5). On the contrary, Plaintiff's motion to remand describes her complaint's allegations regarding her injury, such as alleging "violations of the FCRA, TCPA, FDCPA, FCBA, and Rosenthal Act due to Defendant's improper debt collection practices, including rejecting Plaintiff's $8,504.65 payment, adding an unexplained $1,096.20 charge, making 47 automated calls after revoked consent, and reporting disputed negative credit information, causing a $13,000 credit line reduction." (*Id.* at 2).

Similarly, even though it denies that it has the burden to prove Article III standing, Defendant's opposition to the motion to remand similarly recounts Plaintiff's allegations in her complaint that she suffered an injury in fact from Defendant's violations of federal and state statutes. *See, e.g.*, (ECF No. 20, at p. 3) ("When Baldi refused to pay the amount owed, SFC

sent the matter to collections."). Thus, everyone agrees that Plaintiff's complaint alleges that Plaintiff suffered an injury-in-fact. Accordingly, notwithstanding the legal argument regarding who has the burden of proof, it is clear that Plaintiff's allegations in her complaint are sufficient to establish Article III standing.

To the extent Plaintiff argues that, by removing the case to Federal court, Defendant must concede that its actions violated Federal statues and caused Plaintiff actual concrete harm, Plaintiff is incorrect. Article III requires only that Plaintiff allege an injury-in-fact that is caused by Defendant's violation of a federal right, and a Defendant may remove the case based on these allegations. A Defendant does not have to concede the truth of these allegations in order to remove a case to Federal court.

*Jones* is instructive on this point. In that case, the Ninth Circuit held that removal and Article III jurisdiction were proper even though the District Court later correctly dismissed the complaint based on lack of sufficient statutory injury under the relevant statute, *i.e.*, the Washington Privacy Act (WPA), explaining:

> Plaintiffs seek remand based on the flawed argument that Ford "self-rebutted the assertion of Art. III jurisdiction" when it alleged that Plaintiffs failed to plead a statutory injury under the WPA in its motion to dismiss. This we decline to do. Plaintiffs' challenge fails because the injury-in-fact prong of Article III standing and the merits of a WPA claim are separate inquiries. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011). To establish the constitutional minimum for Article III jurisdiction, a plaintiff must plead an injury-in-fact; this creates a pleading floor. A particular cause of action may require more—for instance, a particular type of injury or a threshold magnitude of injury—without raising the constitutional pleading floor. A failure to plead the more-specific or more-demanding statutory injury shows a failure to state a claim, not a failure to establish standing. *See Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008) ("If a plaintiff has shown sufficient injury to satisfy Article III, but has not been granted statutory standing, the suit must be dismissed under Federal Rule of Civil Procedure 12(b)(6), because the plaintiff cannot state a claim upon which relief can be granted."). As such, demanding that Plaintiffs plead a WPA-specific injury to establish jurisdiction "conflate[s] standing with the merits." *See Lazar v. Kroncke*, 862 F.3d 1186, 1198–99 (9th Cir. 2017).
> 
> . . .
> Here, the complaint alleges that the vehicle's system downloads all text messages and call logs from Plaintiffs' cellphones as soon as they are connected. The complaint also alleges that the infotainment system permanently stores the

> private communications without Plaintiffs' knowledge or consent. At the pleading stage, those allegations plausibly articulate an Article III injury because they claim violation of a substantive privacy right. *See Eichenberger*, 876 F.3d at 983. Whether Plaintiffs "will be successful on the merits in [this] suit against [Ford] does not affect whether [they have] standing to pursue such a suit." *Iten v. Los Angeles*, 81 F.4th 979, 990 (9th Cir. 2023) (citation omitted). Article III standing is thus satisfied, and the district court properly retained jurisdiction to hear this case.

*Jones*, 85 F.4th at 573–574.

Here too, Plaintiff's complaint has alleged concrete injuries that resulted from Defendant's violations of various Federal statutes. Plaintiff does not argue otherwise in her motion to remand. Defendant's notice of removal cites to Plaintiff's claims as the basis for removal.

Accordingly, this case is not subject to remand for lack of Article III standing.

### B. Concurrent Jurisdiction

Plaintiff next argues that, because state courts have concurrent jurisdiction over the Federal statutes, this case should be remanded.

> Defendant explicitly relies on the FCRA, TCPA, FDCPA, and FCBA claims to justify removal, asserting that they arise under federal law (Notice of Removal, Doc. 1, p. 2, ¶ 4). While these claims fall within federal jurisdiction under 28 U.S.C. § 1331, state courts have concurrent jurisdiction over them. In *Mims v. Arrow Financial Services, LLC*, the Supreme Court confirmed that TCPA claims may be brought in state court. 565 U.S. at 372. Similarly, FDCPA, FCRA, and FCBA claims are subject to concurrent jurisdiction. *Reimann v. Brachfeld*, Case 3:10-cv-04156-RS, Doc. 31, at 2 (FDCPA); *Fardella v. Downey S&L Ass'n*, 2001 U.S. Dist. LEXIS 6037, at *8 (N.D. Cal. May 8, 2001) (FCRA, FCBA). Plaintiff deliberately chose state court to litigate all claims, reflecting her preference for a unified proceeding. *Merrell Dow*, 478 U.S. at 808 (well-pleaded complaint rule respects plaintiff's forum choice).

(ECF No. 15-1, p. 7).

Defendant opposes remand on this basis.

> There is no reason for the court to reach Baldi's concurrent jurisdiction argument because no concurrent jurisdiction exists. Upon proper removal of the matter to federal court, the state court's jurisdiction ended. Regardless, her state law claim is fully integrated into the federal claims and relies upon the same set of facts. *Id.* Therefore (and as discussed above), supplemental jurisdiction applies and the controversy should be adjudicated by one single federal court.

(ECF No. 20, p. 9).

It is true that state courts have concurrent jurisdiction the federal statutes at issue here. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) ("[F]ederal and state courts have concurrent jurisdiction over private suits arising under the TCPA."); *Martin v. Wells Fargo Bank*, No. 2:17-CV-03425-RGK-SS, 2017 WL 10605965, at *4 (C.D. Cal. Dec. 15, 2017) ("Congress granted state courts concurrent jurisdiction over FCRA claims . . . ."); *Claflin v. Mandarich L. Grp., LLP*, No. C 13-05255 WHA, 2014 WL 688962, at *3 (N.D. Cal. Feb. 21, 2014) ("State courts have concurrent jurisdiction over FDCPA claims . . . ."); *Roundtree v. Chase Bank USA*, N.A., No. C13-239-MJP, 2013 WL 12073442, at *2 (W.D. Wash. Apr. 18, 2013) (noting "Congress' grant of concurrent jurisdiction to state courts of FCBA claims").

However, this fact does not warrant remand. While the state court also had jurisdiction over Plaintiff's federal claims, the fact remains that, as discussed above, § 1441 grants a defendant the right to remove a state court action to Federal court, which Defendant has properly done here.

### C.  Motion to Compel

Plaintiff also argues that this case should be remanded because the Court denied her motion to compel discovery, which has prejudiced her ability to litigate her claims in Federal court. (ECF No. 15-1, p. 8). This argument refers to some earlier proceedings in this case. Specifically, on April 17, 2025, Plaintiff moved to compel responses to various discovery requests that she made before the case was removed. (ECF No. 13). Upon review, the Court noted that no hearing or response was needed and denied the motion, citing authority that a Defendant need not respond to discovery responses if, like here, the case was removed before they became due. (ECF No. 14).

Generally, Plaintiff argues that she had certain state discovery tools that are unavailable to her now and that "Defendant's removal, filed March 24, 2025, just 12 days before discovery responses were due, suggests a strategic attempt to exploit federal procedural rules." (ECF No. 15-1, p. 8).

Defendant construes Plaintiff's concerns as "fears of evidence spoilation," notes that it has a duty to preserve evidence that it knows may be relevant to her claims, and contends that

her "assertions of potential evidence spoliation are speculative." (ECF No. 20, p. 10).

The Court will not recommend remand on this basis. First, the Court will not relitigate its decision to deny Plaintiff's motion to compel. Second, even assuming that California state court would afford Plaintiff more favorable discovery rules, she fails to offer any authority that this difference provides the Court with legal authority to remand an otherwise properly removed case.

### D. Supplemental Jurisdiction over Plaintiff's Rosenthal Act Claims

Finally, Plaintiff argues that the Court should decline supplemental jurisdiction over her Rosenthal Act claims even if it concludes that it has jurisdiction over her Federal claims. (ECF No. 15-1, p. 9).

Under 28 U.S.C. § 1367(a), a district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." However, "a federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1999). These conditions are as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>> (1) the claim raises a novel or complex issue of State law,
>> 
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>> 
>> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>> 
>> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness, and comity." *Acri*, 114 F.3d at 1001 (internal citations and quotation marks omitted).

With these standards in mind, Plaintiff argues as follows:

> If the Court finds federal jurisdiction over the FCRA, TCPA, FDCPA, and FCBA claims, it should decline supplemental jurisdiction over the Rosenthal Act claim under 28 U.S.C. § 1367(c). Section 1367(c) permits declining jurisdiction if the state law claim raises novel or complex issues of state law or substantially predominates over federal claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966) (courts may dismiss state claims that predominate or require needless decisions of state law). The Rosenthal Act claim involves California-specific standards, such as prohibiting harassment through unannounced visits or excessive calls, which raise novel state law issues best resolved by state courts familiar with Cal. Civ. Code § 1788 et seq. (Complaint, Ex. A, pp. 7-8, 15-16). *Acri v. Varian Associates*, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (declining supplemental jurisdiction when state claims predominate).
>
> The Rosenthal Act claim predominates due to its focus on California's consumer protection framework, which extends beyond FDCPA requirements (e.g., Cal. Civ. Code § 1788.11's harassment provisions). *Reimann v. Brachfeld*, Case 3:10-cv-04156-RS, Doc. 31, at 4 (remanding Rosenthal Act claim due to state interests). All claims share a common nucleus of operative facts—Defendant's debt collection practices—making remand of the entire case appropriate to avoid splitting claims and promote judicial economy. *Gibbs*, 383 U.S. at 725; *McDowell Oil Serv.*, 817 F. Supp. at 542. Declining supplemental jurisdiction over the Rosenthal Act claim and remanding the entire case respects California's interest and Plaintiff's chosen forum.

(ECF No. 15-1, p. 9).

Defendant opposes this request.

> The court should exercise supplemental jurisdiction over Baldi's state law claims because it forms part of the same case or controversy as the federal claims. In fact, Baldi's state law Rosenthal claim states that it "realleges and incorporates by reference all preceding paragraphs as though fully set forth herein." Comp. ¶83. Indeed, Baldi's state law claim is expressly integrated into her federal claims. For example, Count II for Violation of the Telephone Communications Act relies upon the same set of phone calls for which Baldi complains in her state law claim. Additionally, Count VI regarding violation of the Fair Debt Collection Practices Act relies upon the same debt (and debt collection activities as the state law claim.

(ECF No. 20, pp. 7-8).

The Court agrees with Defendant that it is appropriate to exercise supplemental jurisdiction over Plaintiff's Rosenthal Act claims. Notably, Plaintiff's facts in support of her Rosenthal Act claims are also used to support her federal claims, *e.g.*, her allegations that Defendant placed 47 automated calls to her phone, continued to contact her after being notified

11

1  that she did not want to be contacted, and failed to properly validate the debt she owed. (ECF
2  No. 1-2, p. 15).

3  While Plaintiff asserts that there are novel state law issues, and that state claims
4  predominate, the Court disagrees. Rather, some of the same legal issues are involved. *See Riggs*
5  *v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) ("The Rosenthal Act mimics or
6  incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's
7  remedies for violations."). And with such closely related factual and legal issues, the factors of
8  economy, convenience, fairness, and comity warrant exercising supplemental jurisdiction over
9  the Rosenthal Act claims. *See Mlnarik v. Smith, Gardner, Slusky, Lazer, Pohren & Rogers,*
10 *LLP*, No. 14-CV-01849-BLF, 2014 WL 6657747, at *5 n.7 (N.D. Cal. Nov. 21, 2014)
11 ("Because both Plaintiffs' FDCPA and Rosenthal Act claims rest on the same set of underlying
12 facts and similar statutory language, however, the generally accepted principles of 'economy,
13 convenience, fairness, and comity' would be ill-served by declining to exercise supplemental
14 jurisdiction over the Rosenthal Act claim.") (citation omitted).

15 **IV.     CONCLUSION AND RECOMMENDATIONS**

16 For the reasons given above, IT IS RECOMMENDED that Plaintiff's motion to remand
17 (ECF No. 15) be DENIED.

18 These Findings and Recommendations will be submitted to the United States District
19 Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within
20 thirty (30) days after being served with a copy of these Findings and Recommendations, any
21 party may file written objections with the Court and serve a copy on all parties. Any objections
22 shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should
23 be captioned "Objections to Magistrate Judge's Findings and Recommendations."
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 23, 2025**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE